**2015 UT App 147**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
TIM TRONG DO,
Defendant and Appellant.

Memorandum Decision
No. 20140298-CA
Filed June 11, 2015

Second District Court, Ogden Department
The Honorable Ernest W. Jones
No. 131900057

Samuel P. Newton, Attorney for Appellant

Sean D. Reyes and Deborah L. Bulkeley, Attorneys
for Appellee

JUDGE STEPHEN L. ROTH authored this Memorandum Decision, in
which JUDGES GREGORY K. ORME and J. FREDERIC VOROS JR.
concurred.

ROTH, Judge:

¶1     Tim Trong Do appeals his prison sentence for burglary, a
second degree felony. Do contends that in ordering him to serve
the prison sentence rather than placing him on probation, the
district court relied on a misunderstanding of Do's previous
probation history and failed to adequately consider his drug
addiction. We affirm.

¶2     Do entered an *Alford* plea to burglary[1] in exchange for the
State's dismissal of other charges arising from the same criminal

---

1. "By entering an *Alford* plea, a defendant does not admit guilt.
Rather, the defendant enters a guilty plea because he recognizes

(continued…)

episode and the State's agreement that it would not object to Do's being sentenced to probation or his later seeking a reduction of his conviction.[2] Prior to sentencing, the court referred Do to Adult Probation and Parole (AP&P) to complete a presentence investigation report (the PSI). According to the PSI, Do had a criminal history dating back to "when he was a juvenile." The criminal history included a number of arrests, primarily for theft, violent crime, and drug and alcohol offenses. On two previous occasions, Do had been supervised by AP&P and had been "discharged as successful." At the time of the PSI's completion, Do was awaiting sentencing on another theft crime as well as on the burglary conviction at issue here. The PSI further indicated that Do "takes no responsibility for his actions" in the current case. Finally, the PSI addressed Do's drug addiction, noting that Do had received treatment in the past but had continued to use drugs. At the time of the PSI, he claimed to be participating in treatment again. Because it "believe[d] the defendant [was] an appropriate candidate for supervised probation," AP&P recommended an intermediate sanction of one year in jail, restitution, and supervised probation.

¶3 At the sentencing hearing, Do asked the court to deviate from AP&P's recommendation by either ordering probation for less than the recommended term or setting a review hearing for the purpose of considering early termination of probation. In support of his position, Do highlighted the prominent role his drug addiction played in his criminal history and emphasized his recent efforts to turn his life around. He also expressed a desire to receive further substance abuse treatment. The State, in

---

(…continued)

that a prosecutor has enough evidence to obtain a guilty verdict." *State v. Ott*, 2010 UT 1, ¶ 9 n.2, 247 P.3d 344.

2. As part of the plea agreement, the State agreed to "leave open a 402(2) 2-step reduction pending performance on probation." *See* Utah Code Ann. § 76-3-402(2)–(3) (LexisNexis 2012).

accordance with the plea agreement, submitted the issue on AP&P's recommendation. The district court rejected both Do's and AP&P's recommendations and sentenced Do to "one to 15 years at the Utah State Prison." Do appeals, contending that the district court abused its discretion in sentencing him to prison.

¶4    "On a plea of guilty, . . . the court may, after imposing sentence, suspend the execution of sentence and place the defendant on probation." Utah Code Ann. § 77-18-1(2) (LexisNexis Supp. 2014).[3] In other words, a "defendant is not entitled to probation, but rather the [district] court is empowered to place the defendant on probation." *State v. Rhodes*, 818 P.2d 1048, 1051 (Utah Ct. App. 1991). The court may exercise this prerogative "if it thinks that [probation] will best serve the ends of justice and is compatible with the public interest." *Id.* District courts, therefore, have "substantial discretion in conducting sentencing hearings and imposing a sentence." *State v. Bryant*, 2012 UT App 264, ¶ 9, 290 P.3d 33 (citation and internal quotation marks omitted); *see also Rhodes*, 818 P.2d at 1049 (explaining that "probation must of necessity rest within the discretion of the judge who hears the case" because "[t]he granting or withholding of probation involves considering intangibles of character, personality and attitude" (citation and internal quotation marks omitted)). Consequently, "we review a trial court's decision to deny probation under an abuse of discretion standard and will overturn a sentencing decision only if it is clear that the actions of the [trial] judge were so inherently unfair as to constitute an abuse of discretion." *State v. Killpack*, 2008 UT 49, ¶ 18, 191 P.3d 17 (alteration in original) (emphasis, citation, and internal quotation marks omitted). Under this standard, we will reverse only if "no reasonable [person] would take the view adopted by the trial court." *State v. Valdovinos*, 2003

---

3. Subsection 77-18-1(2) has not been amended since Do committed the burglary in 2012. Accordingly, we cite the most recent edition of the Utah Code Annotated as a convenience for the reader.

UT App 432, ¶ 14, 82 P.3d 1167 (alteration in original) (citation and internal quotation marks omitted).

¶5    Do argues that the district court abused its discretion in two ways when it sentenced him to prison. First, he contends that the court "failed to consider his success at probation" and in fact relied on a misbelief that "Do had never been successful at probation." Do points to two previous successful terms of probation and asserts that given his previous successes, the district court's failure to impose probation in this case was inexplicable, particularly where "all of the parties, the State included, recommended a probationary sentence."

¶6    The district court, however, did not deny probation because it believed that Do's previous probation attempts had failed. Rather, the court denied probation because the earlier "successful" probations had not deterred future criminal behavior of the same nature. Indeed, the court noted that Do successfully completed probation on a 2001 conviction only to be placed on probation again from 2008 to 2010 for aggravated assault. Two years after a successful end to that probation, "he's got a series of three [more] offenses." The court observed that the judicial system had "given [Do] chance after chance" and yet it was just "not getting his attention" because each time Do completed probation, he went "back out and commit[ted] more crimes." Thus, the court expressed concern that "putting [Do] on probation is kind of asking the probation department to do something that nobody else has had any luck or success with. It just never quits . . . ." In other words, under the circumstances, the district court did not believe that probation would "best serve the ends of justice" or be "compatible with the public interest" because Do's previous probation successes had not yielded success in the long run; rather, after each release from probation, Do had soon returned to criminal activity. *See Rhodes*, 818 P.2d at 1051. An assessment of this kind involves "considering intangibles of character, personality and attitude" that a district court is uniquely positioned to make. *See id.* at 1049 (citation and internal quotation marks omitted). After

considering these intangibles here, the district court apparently did not believe that Do was any more likely to be successful at avoiding criminal behavior after probation ended in this case than he had been in the past. The court's refusal to give Do another opportunity to complete probation, despite his previous successes, was therefore not an abuse of discretion.

¶7    Do's second contention is that the district court abused its discretion by failing to view his drug addiction as a significant mitigating factor that favored probation. According to Do, the failure "to give adequate weight to certain mitigating circumstances" constitutes an abuse of discretion. (Citation and internal quotation marks omitted.) We conclude that the district court did not abuse its discretion in failing to treat Do's drug addiction solely as a mitigating factor.

¶8    Do explained to the district court at sentencing that he committed the latest series of crimes after a relapse and that he would be more capable of turning his life around if he were able to get drug treatment. The PSI likewise recommended that substance abuse treatment be part of Do's conditions of probation. On appeal, Do cites a number of articles that discuss the likelihood of relapse among drug addicts as support for his position that drug abuse is a mitigating factor.

¶9    It is first worth noting that Do did not present these articles to the district court at sentencing. But more importantly, the district court did take into account the nature of Do's addiction before imposing a prison sentence. The court noted that in connection with the 2008 sentencing, Do had likely told the court, "I need help, I need treatment," to obtain probation and was making essentially the same plea for treatment rather than incarceration in connection with his current case. In other words, rather than seeing addiction as the source of Do's problems that treatment would likely correct, the court instead judged that it was an excuse Do used for his repeated criminal behavior. The court observed that Do failed to "take responsibility for anything" and instead blamed his drug addiction for the negative arc of his life. Indeed, as discussed

above, probation and previous opportunities for drug treatment had failed to deter future criminal conduct. Thus, while the court might have seen Do's addiction as a factor weighing in favor of probation and treatment, the circumstances certainly supported the court's alternative conclusion. *See State v. Rhodes*, 818 P.2d 1048, 1049, 1051 (Utah Ct. App. 1991) (noting that the district court is uniquely positioned to make a decision about probation because such a decision "involves considering intangibles of character, personality and attitude" to determine if probation will "best serve the ends of justice and is compatible with the public interest"). The court therefore acted within its discretion in declining to weigh Do's drug addiction in favor of probation.

¶10    We conclude that the district court did not abuse its substantial discretion in denying Do's request for probation in this case on the basis that previous probation sentences and drug treatment opportunities had not had the desired effect of deterring him from criminal activity. We therefore affirm the court's sentencing decision.

———————